UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Performance Insurance Company SPC        Chapter 15
                                            Case No.:

        Debtor in a Foreign Proceeding.
_____/

### MOTION FOR ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE

Kenneth Krys and Neil Dempsey (the "JVLs" or the "Foreign Representatives"), the Joint Voluntary Liquidators of Performance Insurance Company SPC (the "Debtor"), file this *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion").  The Motion seeks entry of an Order granting (i) recognition, pursuant to 11 U.S.C. § 1517[1], of the Debtor's voluntary liquidation proceeding pending in the Cayman Islands (the "Voluntary Liquidation"); (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief which may be available under the Bankruptcy Code.  In support of the Motion, the Foreign Representatives respectfully state as follows:

---

[1]       Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

## PRELIMINARY STATEMENT

1.      The Foreign Representatives filed the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") pursuant to section 1504 seeking recognition of the Debtor's Voluntary Liquidation as a "foreign main proceeding" as defined in section 1502(4) . D.E. 1.

2.      The Declaration of Kenneth Krys (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3.      The resolutions passed by the Debtor's shareholder and its Board of Directors directing the wind up of the Debtor and commencing the Voluntary Liquidation, and appointing the Foreign Representatives as joint voluntary liquidators are attached to the Declaration as Exhibits 1 and 2.

4.      The Petition, this Motion, and the Declaration demonstrate that the Voluntary Liquidation should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

5.      The Foreign Representatives seek the type of relief that Chapter 15 was designed to provide, and the Voluntary Liquidation, the Petition, and this Motion meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

7.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

SEQUOR LAW, P.A.

8.      The city of George Town, on the island Grand Cayman in the country of the Cayman Islands, is the Debtor's center of main interests, as its registered office is located there.

9.      Venue is proper in this district under 28 U.S.C. § 1410. The Foreign Representative has retained Sequor Law, P.A., in this district and Sequor Law holds in its trust account in this district US$9,000.00 on behalf of and for the benefit of the Debtor, to which funds Sequor Law has no rights of setoff, charging lien, or similar right.

## BACKGROUND

### A.      The Debtor and its Business

10.      The Debtor is a segregated portfolio company incorporated in the Cayman Islands. The Debtor's sole shareholder is Performance Insurance LLC, a Tennessee limited liability company.

11.      As a segregated portfolio company, the Debtor's assets and liabilities can be allocated to segregated portfolios so that the assets and liabilities of each portfolio are ring-fenced from the assets and liabilities of other portfolios and the Debtor.

12.      The Debtor is the holder of a Class B(iii) insurer's License under Cayman Islands' Insurance Act, 2010, and operates in the captive insurance industry through 12 segregated portfolios:  (i) Bottini Insurance LP; (ii) Gen 1 Insurance Company LP; (iii) Goldenstar Holdings Company SP ("Goldenstar SP"); (iv) Greystone Insurance SP; (v) Hudson York Insurance Company ("Hudson York SP"); (vi) Omega Insurance Company LP; (vii) Performance 5 SP; (viii) Prewett Insurance Company LP; (ix) Smart Insure LP; (x) SSS Insurance LP; (xi) Sustainable Insurance Company SP; and (xii) Triangle RGK SP. These twelve segregated portfolios are hereinafter referred to as the "Segregated Portfolios."

**B.** <u>Events Leading to the Debtor's Liquidation</u>

       ***i.     The Kentucky Litigation***

13.      On or about May 11, 2020, Lexington Insurance Company ("Lexington Insurance") filed a complaint against the Debtor on behalf of two of its segregated portfolios, Goldenstar SP and Smart Insure SP, and other entities in a case styled *Lexington Insurance Co. v. The Ambassador Group LLC et. al*, pending as case no. 3:20-cv-330 before the United States District Court for the Western District of Kentucky (the "Kentucky Litigation"). *See* Kentucky Litigation, at D.E. 1. On or about September 24, 2020, State National Insurance Company, Inc. ("State National") intervened in the Kentucky Litigation and also brought claims against the Debtor. *See id.*, at D.E. 47.

14.      In their respective complaints, Lexington Insurance and State National claim that Ambassador Group LLC ("Ambassador Group"), the former insurance manager of the Debtor, and Brandon White, a former director of the Debtor, facilitated the issuance of counterfeit insurance policies and certificates across various industries in the name of Lexington Insurance or State National.[2] *See* Kentucky Litigation, at D.E. 1 & 47. These insurance policies were then purchased by the segregated portfolios of the Debtor as captive insurers. *See id.*, at D.E. 47. The complaints bring counts against the Debtor for trademark infringement, indirect infringement, unfair competition and false designation of origin, misappropriation of name, unfair competition, insurance fraud, and under the Deceptive Trade Practices Act. *See id.* at D.E. 1 & 47.

---

[2]      Insurance policies and certificates were issued to provide property and personal liability coverage to resident of properties of real estate developments in Texas, accident and health insurance coverage to sports teams and leagues throughout the United States, automobile, workers compensation and general liability insurance for fleets of waste removal operations throughout New York, and others. Kentucky Litigation, D.E. 47.

15.     Currently, there are various filings pending in the Kentucky Litigation as well as significant discovery obligations that the Debtor must comply with, which will cause the Debtor to spend significant resources.

### ii.     The California Class Action

16.     The JVLs recently learned that on January 28, 2021, Del Obispo Youth Baseball, Inc. filed a class action lawsuit against the Debtor and others styled *Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC*, pending as case no. 8:21-cv-199 before the United States District Court for the Central District of California (the "California Class Action"). The allegations involve the alleged scheme by White and Ambassador Group to provide accident and health insurance policies to hundreds of sports teams and leagues throughout the United States, which were then purchased by Goldenstar SP as the captive insurer. Class Action, at D.E. 1. Among other things, the Class Action seeks certification of a class consisting of purchasers of the insurance policy issued in connection with the scheme recover the premiums payments made to the defendants on account of the insurance they believed to have purchased.

17.     The Class Action brings claims against the Debtor under the Racketeer Influenced and Corrupt Organizations Act for mail and wire fraud, conversion, unjust enrichment, unfair competition, and negligence.

18.     The California Class Action is still in its early stages as the Debtor has not been properly served. As of the date of this Declaration, the Debtor has yet to retain legal counsel to represent it in connection with the California Class Action.

### iii.     Receivership of Hudson York SP

19.     One of the segregated portfolios of the Debtor, Hudson York SP, is subject of a receivership order granted by the Grant Court of the Cayman Islands under Cause No. FSD 118 of

SEQUOR LAW, P.A.

2020. Declaration, at ¶ 15. Receivers were appointed over Hudson York SP in 2020 for the purpose of orderly closing down its business and to distribute its assets under Cayman Law. Declaration, at ¶ 15.

20.     Further, it is possible that two of the Segregated Portfolios may be subject to receivership application. Declaration, at ¶ 16.

### iv.     CIMA Cease and Desist

21.     On or about December 17, 2020, the Cayman Islands Monetary Authority ("CIMA") issued a cease and desist order against the Debtor. Declaration, at ¶ 17. This cease and desist order prevented the Debtor from renewing existing or entering into new business arrangements, leaving the Debtor with no opportunity to generate income (the "Cease and Desist Order"). Declaration, at ¶ 17.

22.     On February 25, 2021, CIMA issued a letter to the directors of the Debtor (the "Directors") advising that the Debtor was in breach of various provisions of the Insurance Act, 2010, and proposing to suspend the Debtor's Class B(iii) Insurer's License (the "Suspension Notice"). Declaration, at ¶ 18. The letter accelerated the decision by the director and the sole shareholder of the Debtor to voluntarily wind up the Debtor. Declaration, at ¶ 18.

### C.     The Voluntary Liquidation

23.     Due to the exposure of the Debtor to liability in the pending Kentucky Litigation and California Class Action and its inability to generate income, the Debtor's directors and its sole shareholder determined that it is in the Debtor's best interests to wind up the Debtor. Declaration, at ¶ 19.

24.     On February 26, 2021, the sole shareholder of the Debtor passed special resolutions (the "Shareholder Resolution") that (i) directed the wind up of the Debtor on a voluntary basis; (ii)

SEQUOR LAW, P.A.

appointed Kenneth Krys and Neil Dempsey of KRyS Global as the joint voluntary liquidators of the Debtor; and (iii) authorized the JVLs, if deemed appropriate and reasonable, to make an application to the Grand Court of the Cayman Islands to have the voluntary liquidation supervised and to seek the recognition of their appointment before a United States Bankruptcy Court. Declaration, Ex. 1. Declaration, Exhibit 1. On the same day, the Debtor's Board of Directors held a meeting in Grand Cayman, Cayman Islands, passing similar resolutions (the "Directors Resolution"). Declaration, Ex. 2.

25.     Therefore, under section 117(a) of the Companies Act, 2010, the voluntary wind up of the Debtor commenced on February 26, 2021. Declaration, at ¶ 17.

26.     On March 18, 2021, the JVLs filed a Petition for Leave and Court Supervision in the Grand Court of the Cayman Islands (the "Cayman Court") seeking to subject the Voluntary Petition to the supervision of the Cayman Court. The petition is pending as Cause No. FSD 70 of 2021 (the "Cayman Petition").

**RELIEF REQUESTED**

27.     By this Motion, the JVLs respectfully request an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "B"**, granting the following relief:

(a)     Recognizing the Voluntary Liquidation as a "foreign main proceeding" and the JVLs as the Foreign Representatives of the Debtor;

(b)     Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c)     Granting the following additional relief under section 1521 of the Bankruptcy Code:

7

(1)    staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning the rights, obligations or liabilities of the Debtor, the Debtor's estate to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2)    staying execution against the Debtor to the extent not stayed under § 1520(a);

(3)    suspending the right to transfer or otherwise dispose of any assets of the Debtors to the extent this right has not been suspended under section 1520(a);

(4)    providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor and the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5)    entrusting the administration or realization of all of the assets of the Debtors within the territorial jurisdiction of the United States to the Foreign Representatives;

(6)    entrusting the distribution of all or part of the assets of the Debtors located within the United States to the Foreign Representatives;

(7)    should the Voluntary Liquidation be subject to the supervision of a Cayman Islands court, granting comity to and giving full force and effect to any Order entered by the Cayman Islands court,; and

(d)    granting the Foreign Representatives such other and further relief as this Court may deem just and proper.

SEQUOR LAW, P.A.

## BASIS FOR RECOGNITION

28.     The Foreign Representatives have satisfied each of the requirements for recognition set forth in section 1517 of the Bankruptcy Code because (i) the Cayman Liquidation is a foreign main proceeding, (ii) the JVLs filing the Petition and this Motion are foreign representatives under section 101(24), and (iii) the procedural requirements of section 1515 and Bankruptcy Rule 1007 are satisfied.

### A.     The Cayman Liquidation is a Foreign Main Proceeding Under Section 1502

29.     The Voluntary Liquidation, a wind up proceeding under Cayman Islands law, qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because though voluntary liquidations are handled primarily without court involvement, any disputes that arise may be adjudicated by the Cayman Islands courts including rights to hearings, presentation of evidence, and appeals from decisions of such courts.  See Declaration, at ¶ 24 & n. 2.

30.     Courts have deemed voluntary liquidation processes in Australia and Hong Kong under very similar statutes to qualify as "foreign proceedings." *See, e.g.*, *In re Manley Toys Ltd.*, 580 B.R. 632, 639 (Bankr. D.N.J. 2018) (holding that a Hong Kong voluntary winding up proceeding is a foreign  proceeding under section 101(23)); *In re ABC Learning Centres Ltd.*, 445 B.R. 318, 328 (Bankr. D. Del. 2010) (holding that an Australian voluntary winding up was a foreign  proceeding under section 101(23)); *In re Betcorp Ltd.*, 400 B.R. 266, 279-80 (Bankr. D. Nev. 2009) (same).

31.     The Voluntary Liquidation further qualifies as a "foreign main proceeding" under section 1502 because the Voluntary Proceeding is a foreign proceeding pending in the Cayman Islands, where the Debtor's registered office is located. *See*  11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office … is presumed to be the center of the

debtor's main interests."). Prior to the Voluntary Liquidation, the Debtor operated in the Cayman Islands through Kynect, its Insurance Manager, which handled its day to day operations. The Directors of the Debtor also held their general meetings and their latest extraordinary meeting in the Cayman Islands. After the commencement of the Voluntary Liquidation, the Liquidators engaged in significant tasks in the Cayman Islands relating to the Debtor, such as retaining Kynect to assist the JVLs with the Debtor and the Segregated Portfolios; collecting the Debtor's books and records and its management accounts; continuing the novation of two segregated portfolios which was approved by CIMA prior to the appointment of the JVLs; and addressing operational matters of the Debtor and its Segregated Portfolios such as payment of outstanding invoices and retainers for novation services, tax matters, and audited accounts. See Declaration, at ¶ 26.

**B.    The JVLs are Foreign Representatives Under Section 101(24)**

32.    The JVLs qualify as "foreign representatives" under section 101(24) of the Bankruptcy Code by virtue of their appointment as joint voluntary liquidators by the Shareholder Resolution and Directors Resolution in accordance with the Companies Act, which grants them the power to, among other things, (i) carry out the liquidation of the Debtor under the Companies Act; and (ii) manage the assets of the Debtor.  Further, the JVLs have been expressly authorized to seek recognition of the Voluntary Liquidation under Chapter 15 of the Bankruptcy Code. Declaration, Ex. 1 & 2.

**C.    The Debtor's Voluntary Liquidation Meets the Procedural Requirements of Section 1515**

33.    As stated above, the requirements of section 1515 are satisfied as the Shareholder Resolution and Directors Resolution appointing the JVLs and commencing the wind up of the Debtor are attached to the Declaration as Exhibits 1 and 2.

SEQUOR LAW, P.A.

34.     Further, the statements required by section 1515(c) of the Bankruptcy Code and Fed. R. Bankr. P. 1007(a)(4) are included in the attached Declaration.

35.     Finally, the JVLs submit that section 109(a) of the Bankruptcy Code does not apply herein.  To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, the Debtor qualifies as a "debtor" under section 109(a) because the Debtor has assets in the United States.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: March 19, 2021

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email:  ggrossman@sequorlaw.com
            jmendoza@sequorlaw.com


By:     */s/ Gregory S. Grossman*
Gregory S. Grossman
Florida Bar No. 896667
Juan J. Mendoza
Florida Bar No.: 113587

F:\WDOX\CLIENTS\90000\0666\00327792.DOCX

11

SEQUOR LAW, P.A.

*EXHIBIT "A"*

SEQUOR LAW, P.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

Performance Insurance Company SPC                    Chapter 15

      Debtor in a Foreign Proceeding.                    Case No.:
_____/

**DECLARATION OF KENNETH M. KRYS IN SUPPORT OF CHAPTER 15**
**PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING**

      I, Kenneth M. Krys, hereby declare under penalty of perjury under the laws of the United States as follows:

      1.      I am over the age of 18 and, if called upon, could completely testify to all matters set forth in this Declaration based upon my own personal knowledge except as otherwise specified herein.

      2.      I make this Declaration in support of the *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion") seeking recognition of the voluntary liquidation of Performance Insurance Company SPC (the "Debtor") under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code").

      3.      The Debtor was placed into voluntary liquidation on February 26, 2021 pursuant to a special resolution passed by its sole shareholder resolving for the wind-up of the Debtor, appointing Kenneth Krys and Neil Dempsey as joint voluntary liquidators, and authorizing the recognition of the application in the United States.

1

## THE DEBTOR AND ITS LIQUIDATION

### A.    The Debtor and its Business

4.    The Debtor was incorporated as an exempted segregated portfolio company on January 21, 2016 in the Cayman Islands. The Debtor's sole shareholder is Performance Insurance LLC, a Tennessee limited liability company with its principal address in Kentucky.

5.    The Debtor's Insurance Manager is Kynect Risk Management Limited ("Kynect"). The Debtor's registered office address is Kynect's office in George Town, Grand Cayman, Cayman Islands. Kynect manages the day to day operations of the Debtor and segregated portfolios from within the Cayman Islands.

6.    The current directors of the Debtor are Larry Linne and Brandon Mueller (together, the "Directors"). The Directors generally held general meetings twice a year in the Cayman Islands.

7.    I am advised by my Cayman counsel that as a segregated portfolio company, the Debtor's assets and liabilities can be allocated to segregated portfolios. The assets of each segregated portfolio are held as a separate fund and such funds do not form part of the company. Rather, the assets of a segregated portfolio are held for the benefit of the owners of the segregated portfolio. Similarly, the liabilities of a segregated portfolio are the burden of such portfolio and cannot be imputed to other segregated portfolios.

8.    The Debtor is the holder of a Class B(iii) insurer's License under Cayman Islands Insurance Act, 2010, and operates in the captive insurance industry through 12 segregated portfolios:  (i) Bottini Insurance SP; (ii) Gen 1 Insurance Company SP; (iii) Goldenstar Holdings Company SP ("Goldenstar SP"); (iv) Greystone Insurance SP; (v) Hudson York Insurance Company SP ("Hudson York SP"); (vi) Omega Insurance Company SP; (vii) Performance 5 SP;

2

(viii) Prewett Insurance Company SP; (ix) Smart Insure SP; (x) SSS Insurance SP; (xi) Sustainable Insurance Company SP; and (xii) Triangle RGK SP. These twelve segregated portfolios are hereinafter referred to as the "Segregated Portfolios."

**B.** **Events Leading to Debtor's Liquidation**

*i.* ***The Kentucky Litigation***

9.      On or about May 11, 2020, Lexington Insurance Company ("Lexington Insurance") filed a complaint against the Debtor on behalf of two of its segregated portfolios, Goldenstar SP and Smart Insure SP, and other entities in a case styled *Lexington Insurance Co. v. The Ambassador Group LLC et. al*, pending as case no. 3:20-cv-330 before the United States District Court for the Western District of Kentucky (the "Kentucky Litigation"). *See* Kentucky Litigation, at D.E. 1. On or about September 24, 2020, State National Insurance Company, Inc. ("State National") intervened in the Kentucky Litigation and also brought claims against the Debtor. *See id.*, at D.E. 47.

10.      In their respective complaints, Lexington Insurance and State National claim that Ambassador Group LLC ("Ambassador Group"), the former captive consultant to the Segregated Portfolios, and Brandon White, a former director of the Debtor, facilitated the issuance of counterfeit insurance policies and certificates in the name of the insurers and issued across various industries. *See* Kentucky Litigation, at D.E. 1 & 47. These insurance policies were then reinsured by the segregated portfolios of the Debtor as captive insurers. *See id.*, at D.E. 47. The complaints bring counts against the Debtor for trademark infringement, indirect infringement, unfair competition and false designation of origin, misappropriation of name, unfair competition, insurance fraud, and under the Deceptive Trade Practices Act. *See id.* at D.E. 1 & 47.

3

11.    Currently, there are various filings pending in the Kentucky Litigation as well as significant discovery obligations that the Debtor would have to comply with absent imposition of a stay which if not stayed will cause the Debtor to spend significant resources.

### ii.    The California Class Action

12.    The JVLs recently learned that on January 28, 2021, Del Obispo Youth Baseball, Inc. filed a class action lawsuit against the Debtor and others styled *Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC*, pending as case no. 8:21-cv-199 before the United States District Court for the Central District of California (the "California Class Action"). The allegations involve the scheme to provide accident and health insurance policies to hundreds of sports teams and leagues throughout the United States, which were then reinsured by Goldenstar SP as the captive insurer. Class Action, at D.E. 1. Among other things, the Class Action seeks certification of a class consisting of purchasers of the insurance policy issued in connection with the scheme recover the premium payments made to the defendants on account of the insurance they believed to have purchased.

13.    The Class Action brings claims against the Debtor under the Racketeer Influenced and Corrupt Organizations Act for mail and wire fraud, conversion, unjust enrichment, unfair competition, and negligence.

14.    The California Class Action is still in its early stages as the Debtor has yet to be properly served. As of the date of this Declaration, the Debtor has not retained legal counsel to represent it in connection with the California Class Action.  In the absence of a stay, the Debtor may need to spend significant sums in connection with the California Class Action.

### iii.    Receivership of Hudson York SP

15.    One of the segregated portfolios of the Debtor, Hudson York SP, is the subject of a receivership order granted by the Grant Court of the Cayman Islands under Cause No. FSD 118 of 2020, due to its financial difficulties. Receivers were appointed over Hudson York SP in 2020 for the purpose of orderly closing down its business and to distribute its assets under Cayman Law.

16.    Further, it is possible that two further receivership applications may be made against two of the Segregated Portfolios.

### iv.    CIMA Cease and Desist

17.    On or about December 17, 2020, the Cayman Islands Monetary Authority ("CIMA") issued a cease and desist order against the Debtor. This cease and desist order prevents the Debtor from renewing existing or entering into new business arrangements, leaving the Debtor with no opportunity to generate income (the "Cease and Desist Order").

18.    On February 25, 2021, CIMA issued a letter to the Directors of the Debtor advising that the Debtor was in breach of various provisions of the Insurance Act, 2010, and proposing to suspend the Debtor's Class B(iii) Insurer's License (the "Suspension Notice"). This decision accelerated the decision by the directors and the sole shareholder of the Debtor to voluntarily wind up the Debtor.

### C.    The Voluntary Liquidation

19.    Due to the exposure of the Debtor to liability in the pending Kentucky Litigation and California Class Action and its inability to generate income, the Debtor's Directors and its sole shareholder determined that it is in the Debtor's best interests to wind up the Debtor.

20.    On February 26, 2021, the Debtor held an extraordinary general meeting at its office in George Town, Grand Cayman, Cayman Islands, wherein the sole shareholder of the Debtor

passed special resolutions (the "Shareholder Resolution") that, among other things: (i) directed the wind up of the Debtor on a voluntary basis; (ii) appointed Kenneth Krys and Neil Dempsey (together, the "JVLs") of KRyS Global as the joint voluntary liquidators of the Debtor; and (iii) authorized the JVLs, if deemed appropriate and reasonable, to make an application to the Grand Court of the Cayman Islands to have the voluntary liquidation supervised and to seek the recognition of their appointment before a United States Bankruptcy Court. The Shareholder Resolution is attached hereto as **Exhibit 1**.

21.    On the same day, at a meeting of the Debtor's Board of Directors held at George Town, Grand Cayman, Cayman Islands, the Board of Directors passed similar resolutions (the "Directors Resolution") directing the wind up of the Debtor, appointing the JVLs as the joint voluntary liquidators and authorizing the application for supervision before the Grand Court of the Cayman Islands and the application for recognition before a United States Bankruptcy Court. The Directors Resolution is attached hereto as **Exhibit 2**.

22.    Therefore, the Company resolved by special resolution its wind up in accordance with section 116(c) of the Companies Act,[1] and the voluntary wind up of the Debtor is deemed to have commenced on February 26, 2021 under section 117(1)(a) of the Companies Act.

23.    On March 1, 2021, the Directors of the Debtor executed a declaration of solvency confirming that the Debtor will be able to pay its debts in full, together with interest, within a period of twelve (12) months from the commencement of the winding up. Despite the Declaration of Insolvency, the JVLs consider the solvency of the Debtor to be doubtful.

---

[1]    The Cayman Islands' Companies Act provides a statutory framework that sets forth the duties and responsibilities of liquidators, including distribution priorities, the right to pursue fraudulent transfers, preferences, and other causes of action.

24.     As joint voluntary liquidators, the JVLs have the duty to recover and distribute the Debtor's assets pursuant to a priority scheme of distribution. Though voluntary liquidations are not court supervised, any disputes that arise in connection with the liquidation may be adjudicated by the Grand Court of the Cayman Islands, providing rights to a hearing, presentation of evidence, and to appeal decisions.

25.     Voluntary liquidations can also be made subject to court supervision. The JVLs have engaged counsel in the Cayman Islands to assist them with the filing of an application to obtain court supervision of the winding up of the Debtor. On March 18, 2021, the JVLs filed a Petition for Leave and Court Supervision in the Grand Court of the Cayman Islands (the "Cayman Court") seeking to subject the Debtor's winding up to the supervision of the Cayman Court. The petition is pending as Cause No. FSD 70 of 2021 (the "Cayman Petition").

26.     Since the commencement of the Voluntary Liquidation, the JVLs have undertaken significant actions in the Cayman Islands, including, (i) complying with the statutory requirements to notify the Cayman Islands' Registrar of Companies and CIMA of the Voluntary Liquidation; (ii) notifying the Directors of the Debtor of their post-liquidation duties to retain the Debtor's books and records; (iii) notifying the Debtor's bank and taking steps to change the account signatories; (iv) collect the Debtor's books and records, including the current management accounts; (v) communicating with CIMA on the status of the voluntary liquidation and future steps; (vi) contacting legal counsel retained in the Kentucky Litigation in connection with the case and instructing him; (vii) retaining counsel in the Cayman Islands and the United States to file a petition for supervision of the Voluntary Liquidation and obtain Chapter 15 recognition of the same; (viii) retaining Kynect to assist the JVLs with the day to day operations of the Debtor and the Segregated Portfolios given their background as the Debtor's Insurance Manager prior to the

liquidation; (ix) continuing the novation of four of the Segregated Portfolios which were approved by CIMA prior to the appointment of the JVLs; (x) addressing operational matters faced by the Debtor and its Segregated Portfolios, including payment of outstanding invoices and retainers for novation services, tax matters and audited accounts; and (xi) communicating with the segregated portfolios and others who have inquires relating to the impact of the Voluntary Liquidation.

### Basis for Recognition Under Chapter 15 of the Bankruptcy Code

27.    Unable to continue its operations and generate income, the Debtor has a limited pool of funds and resources that may be available to creditors particularly if sums are needed to address the litigation expenses. It is expected that in the absence of a stay, the Debtor's resources would be depleted by the ongoing Kentucky Litigation, California Class Action, and any other new litigation that may arise. Accordingly, recognition of the Debtor's voluntary liquidation is needed to prevent continued depletion of the Debtor's assets and provide a mechanism to allow for the orderly administration of the remaining assets of the Debtor.

### Rule 1007(a)(4) Disclosures

28.    I hereby provide the following information in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

    a.  I am not aware of any foreign proceedings, as that term is defined in 11 U.S.C. § 101(23), of the Debtors other than this Chapter 15 filing.

    b.  Neil Dempsey and I of KRyS Global have been appointed as the joint voluntary liquidators of the Debtor by Shareholder Resolution and Directors Resolution.

        i.  The address of the JVLs is the following:

Attn: Kenneth Krys
Neil Dempsey
Governors Square, Building 3, Ground Floor
23 Lime Tree Bay Avenue. PO Box 31237 ·

Grand Cayman · KY1-1205
Cayman Islands

ii. For purposes of this Chapter 15 proceeding, the JVLs requests that any

correspondence be sent, in addition to the address provided above, to:

Attn: Gregory S. Grossman
Juan J. Mendoza
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

c. As indicated above, the Debtor is engaged in the following litigation:

i. *Lexington Insurance Co. v. The Ambassador Group LLC et. al*, pending as

case no. 3:20-cv-330, before the United States District Court for the

Western District of Kentucky. The parties are the following:

1. Plaintiff: Lexington Insurance Company.

2. Plaintiff-Intervenor: State National Insurance Company, Inc., and

National Specialty Insurance Company.

3. Defendants: The Ambassador Group LLC d/b/a Ambassador

Captive Solutions, Gagliardi Insurance Services, Inc., Goldenstar

Specialty Insurance, LLC, Performance Insurance Company SPC on

behalf of Goldenstar Holdings Company SP and on behalf of Smart

Insure LP, Brandon White, and EPremium Insurance Agency, LLC.

ii. *Del Obispo Youth Baseball, Inc. v. The Ambassador Group LLC*, pending

as case no. 8:21-cv-199, before the United States District Court for the

Central District of California.

9

1. Plaintiff: Del Obispo Youth Baseball, Inc. d/b/a Dana Point Youth Baseball

2. Defendants: The Ambassador Group LLC d/b/a Ambassador Captive Solutions, Performance Insurance Company SPC, Brandon White, Goldenstar Specialty Insurance LLC, and DOES 1 through 50.

d. I do not seek provisional relief, under 11 U.S.C. § 1519, against any person or entity at this time.

## 28 U.S.C. § 1746 VERIFICATION

I, Kenneth M. Krys, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I have the authority to make this Declaration; that I have read the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to the Performance Insurance Company SPC.

Executed in the Cayman Islands, on March 19, 2021

By: _____

Kenneth M. Krys

F:\WDOX\CLIENTS\90000\0666\00327791.DOCX

*"1"*

# Performance Insurance Company SPC

### (the **"Company"**)

MINUTES OF THE EXTRAORDINARY GENERAL MEETING OF THE SOLE SHARE SHAREHOLDER BOARD OF THE COMPANY HELD AT GEORGE TOWN, GRAND CAYMAN ON FEBRUARY 26th 2020 AT 11.00 A.M.

---

**PRESENT**:                              Performance Insurance Company LLC (by its proxy Mark Kay)


**IN ATTENDANCE:**              Susie Simpson

**Officers of the Meeting**

**It was agreed** that Mark Kay be appointed Chairman and Secretary of the meeting.

**Constitution of the Meeting**

The sole shareholder being present whether in person or by proxy, the meeting was therefore duly constituted.

**Liquidation**

It was noted that the Company and its segregated portfolios had all, whether directly or indirectly, been significantly affected by the alleged fraudulent activities of Brandon White and Ambassador Captive Solutions and the resultant lawsuits filed by Lexington and State National.

Significant work has been undertaken to address the issues caused by these allegations and it was noted that most segregated portfolios had remedies in place to resolve the issues of inauthentic cover.

Subsequent to the actions of the Authority in their cease and desist order on the Company as of December 17th 2020, the Company has no ability to generate income given its inability to renew existing or place new business in to the Company.

In addition, while the Company, through its US Counsel, continues to work with affected segregated portfolios and their respective counsels dealing with the Lexington and State National lawsuits, the continued threat of potential further litigation and expense, along with the need to appoint duly qualified professionals with expertise in these specific areas to advise the Company, has left the directors with no alternative other than to proceed with liquidation.

The directors, having consulted with such professionals, have determined that it is in the best interests of the Company and its segregated portfolios to to recommend that the shareholders appoint Voluntary Liquidators of the Company.

Upon motion duly made and carried unanimously; it was

RESOLVED BY SPECIAL RESOLUTION THAT:

# Performance Insurance Company SPC

(the **"Company"**)

MINUTES OF THE EXTRAORDINARY GENERAL MEETING OF THE SOLE SHARE SHAREHOLDER BOARD OF THE COMPANY HELD AT GEORGE TOWN, GRAND CAYMAN ON FEBRUARY 26th 2020 AT 11.00 A.M.

---

1. In accordance with Section 116 of the Companies Act (2021 Revision) (**"the Act"**) and the Articles of Association of the Company (**"the Articles"**), the Company be wound up voluntarily.

WHEREAS IT WAS RESOLVED BY ORDINARY RESOLUTIONS THAT:

1. Any required notice of the Shareholders' meeting be hereby waived.

2. In accordance with Section 119 of the Act and the Articles, Neil Dempsey and Kenneth Krys of KRyS Global, 23 Lime Tree Bay Avenue, Governors Square, Building 3, Ground Floor, P.O. Box 31237, KY1-1205, Grand Cayman, Cayman Islands, be appointed as Voluntary Liquidators (**"VLs"**) for the purpose of winding up the affairs of the Company.

3. That upon their appointment, or as soon a practically possible, the Voluntary Liquidators, upon determining if it is appropriate and reasonable, make an application to the Grand Court of the Cayman Islands to have the voluntary liquidation of the Company supervised by the Court.

4. In addition, and in conjunction with such application, the Voluntary Liquidators, upon determining if it is appropriate and reasonable, make an application to seek recognition of their appointment in U.S. Bankruptcy Court.

5. The Registered Office of the Company be changed to the offices of KRyS Global, 23 Lime Tree Bay Avenue, Governors Square, Building 3, Ground Floor, P.O. Box 31237, KY1-1205, Grand Cayman, Cayman Islands.

**Termination of Meeting**

There being no further business, the Chairman declared the meeting terminated.

_____
Chairman

*"2"*

# Performance Insurance Company SPC

(the **"Company"**)

**MINUTES OF THE MEETING OF THE BOARD OF DIRECTORS OF THE COMPANY HELD AT GEORGE TOWN, GRAND CAYMAN ON FEBRUARY 26th 2020 AT 10.30 A.M.**

---

| | | |
|---|---|---|
| **PRESENT**: | Larry Linne | (by his proxy Mark Kay) |
| | Brandon Mueller | (by his proxy Mark Kay) |

**IN ATTENDANCE:**    Susie Simpson

**Officers of the Meeting**

**It was agreed** that Mark Kay be appointed Chairman and Secretary of the meeting.

**Constitution of the Meeting**

All directors were present whether in person or by proxy and the meeting was therefore duly constituted.

**Review and approval of prior minutes**

After full discussion and upon motion duly made, seconded and carried unanimously; it was

> **RESOLVED** that the minutes from the previous meeting held on January 12th 2021 be and are hereby approved.

**Liquidation**

It was noted that the Company and its segregated portfolios had all, whether directly or indirectly, been significantly affected by the alleged fraudulent activities of Brandon White and Ambassador Captive Solutions and the resultant lawsuits filed by Lexington and State National.

Significant work has been undertaken to address the issues caused by these allegations and it was noted that most segregated portfolios had remedies in place to resolve the issues of inauthentic cover.

Subsequent to the actions of the Authority in their cease and desist order on the Company as of December 17th 2020, the Company has no ability to generate income given its inability to renew existing or place new business in to the Company.

In addition, while the Company, through its US Counsel, continues to work with affected segregated portfolios and their respective counsels dealing with the Lexington and State National lawsuits, the continued threat of potential further litigation and expense, along with the need to appoint duly qualified professionals with expertise in these specific areas to advise the Company, has left the directors with no alternative other than to proceed with liquidation.

The directors, having consulted with such professionals, have determined that it is in the best interests of the Company and its segregated portfolios to to recommend that the shareholders appoint Voluntary Liquidators of the Company.

# Performance Insurance Company SPC
### (the **"Company"**)

MINUTES OF THE MEETING OF THE BOARD OF DIRECTORS OF THE COMPANY HELD AT GEORGE TOWN, GRAND CAYMAN ON FEBRUARY 26th 2020 AT 10.30 A.M.

---

Upon motion duly made and carried unanimously; it was

**RESOLVED THAT:**

The Members of the Company be recommended to pass a special resolution to voluntarily wind up and dissolve the Company, and include the following:

1.     In accordance with Section 119 of the Companies Act (2021 Revision) (**"the Act"**) and the Articles of Association of the Company, Neil Dempsey and Kenneth Krys of KRyS Global, 23 Lime Tree Bay Avenue, Governors Square, Building 3, Ground Floor, P.O. Box 31237, KY1-1205, Grand Cayman, Cayman Islands, be appointed as Voluntary Liquidators (**"VL"**) for the purpose of winding up the affairs of the Company.

2.     That upon their appointment, or as soon a practically possible, the Voluntary Liquidators, upon determining if it is appropriate and reasonable, make an application to the Grand Court of the Cayman Islands to have the voluntary liquidation of the Company supervised by the Court.

3.     In addition, and in conjunction with such application, the Voluntary Liquidators, upon determining if it is appropriate and reasonable, make an application to seek recognition of their appointment in U.S. Bankruptcy Court.

4.     The Registered Office of the Company be changed to the offices of KRyS Global, 23 Lime Tree Bay Avenue, Governors Square, Building 3, Ground Floor, P.O. Box 31237, KY1-1205, Grand Cayman, Cayman Islands.

5.     The resignation of Kynect Risk Management Limited as Secretary of the Company be and is hereby approved.

6.     That the letter of engagement with Krys Global dated February 22nd 2021 (the 'Engagement Letter') be and is hereby approved and that Mark S. Kay be and is hereby authorised to execute on behalf of the Company the Engagement Letter.

# Performance Insurance Company SPC

### (the **"Company"**)

MINUTES OF THE MEETING OF THE BOARD OF DIRECTORS OF THE COMPANY HELD AT GEORGE TOWN, GRAND CAYMAN ON FEBRUARY 26th 2020 AT 10.30 A.M.

---

**Termination of Meeting**

There being no further business, the Chairman declared the meeting terminated.

_____
Chairman

*EXHIBIT "B"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Performance Insurance Company SPC                    Chapter 15
                                                     Case No.:

            Debtor in a Foreign Proceeding.
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on _____ __, 2021 ("Hearing"), upon the *Motion for*

*Order Granting Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 of the*

*Bankruptcy Code and Granting Related Relief* (the "Chapter 15 Petition") (DE 1 & 2) filed by

Kenneth Krys and Neil Dempsey (the "JLs" or the "Foreign Representatives"), the Joint

Liquidators of Performance Insurance Company SPC (the "Debtor"). The Chapter 15 Petition seeks recognition and related relief, pursuant to Chapter 15 of the Bankruptcy Code, of the Debtor's voluntary liquidation proceeding pending in the Cayman Islands (the "Liquidation"). The Court, having considered the Chapter 15 Petition, its attachments, the argument of counsel at the Hearing, and being otherwise duly informed, makes the following order.

The Court finds:

A.      Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representatives.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.      Kenneth Krys and Neil Dempsey, the JLs  qualify as a "foreign representatives" as defined in 11 U.S.C. §101(24).

F.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, 1517.

G.      The Foreign Representatives have met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.      The  Liquidation is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      The  Liquidation is entitled to recognition by this Court under 11 U.S.C. §  1517.

J.      The Liquidation is pending in the Cayman Islands.  The Cayman Islands is the country where the Debtor had its center of main interests when the Liquidation was commenced and when this case was filed; accordingly, the  Liquidation is a foreign main proceeding, under 11

U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.      The Foreign Representatives are entitled to all relief provided under 11 U.S.C. § 1520.

L.      The Foreign Representatives are further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

N.      The Court finds that the interests of the creditors, interested entities, the Debtor, and the Debtor's estate are sufficiently protected by the rights and obligations under the Federal Rules of Bankruptcy Procedure and/or Federal Rules of Civil Procedure governing the taking of discovery.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.      The Liquidation is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.      The Liquidation shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities. Should the Liquidation become subject to the direct supervision of the Grand Court of the Cayman Islands (the "Cayman Court"), any orders of the Cayman Court regarding the Liquidation shall be given full force and effect and be binding in United States against all persons and entities.

3

3.      The Foreign Representatives are entrusted with the full administration and realization of all or a part of the Debtor's bankruptcy estate and assets within the territorial jurisdiction of the United States.

4.      The Foreign Representatives shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5.      The provisions of 11 U.S.C. § 1520 apply to this proceeding.

6.      All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

7.      All persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

8.      All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, or exercising control over any assets of the Debtor or the Debtor's bankruptcy estate, located in the United States.

9.      All persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate, located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representatives by written notice sent to the following addresses:

Attn: Kenneth Krys & Neil Dempsey
Governors Square, Building 3, Ground Floor
 23 Lime Tree Bay Avenue. PO Box 31237 ·
Grand Cayman · KY1-1205
Cayman Islands

With a copy to:

4

Attn: Gregory S. Grossman
Juan J. Mendoza
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity.  The Foreign Representatives shall file with the Court a Certificate of Service listing all persons or entities whom he has provided notice of this Order.

10.     Other than a counterclaim to a suit brought by the JLs, no person or entity may commence suit against the JLs in any court, including this Court, in the United States without first obtaining leave of this Court.

11.     The Foreign Representatives are authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

12.     The Foreign Representatives are further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

13.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Foreign Representatives are authorized and empowered, and may in its discretion and without

further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

14.     No action taken by Foreign Representatives in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Liquidation or any order entered in or in respect of this Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Foreign Representatives, including pursuant to 11 U.S.C. §§ 306 and 1510.

15.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

16.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

# # #

Submitted by:

Gregory S. Grossman
Juan J. Mendoza, Esq.
SEQUOR LAW, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: ggrosmann@sequorlaw.com
jmendoza@sequorlaw.com

*(Juan J. Mendoza shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter)*