UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Performance Insurance Company SPC           Chapter 15

    Debtor in a Foreign Proceeding.           Case No.: 21-12609-AJC
_____/

## NOTICE OF FILING

Kenneth Krys and Neil Dempsey (the "JLs" or the "Foreign Representatives"), the Joint Voluntary Liquidators of Performance Insurance Company SPC (the "Debtor") by and through undersigned counsel, files this Notice of Filing the Supervision Order of Grand Court of The Cayman Islands.

          Respectfully submitted,

          SEQUOR LAW, P.A.
          1111 Brickell Avenue, Suite 1250
          Miami, Florida 33131
          Telephone: (305) 372-8282
          Facsimile: (305) 372-8202
          Email: ggrossman@sequorlaw.com
                 jmendoza@sequorlaw.com

By:   */s/ Gregory S. Grossman*
        Gregory S. Grossman
        Florida Bar No. 896667
        Juan J. Mendoza
        Florida Bar No.: 113587

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on April 8, 2021.

By: */s/ Gregory S. Grossman*
Gregory S. Grossman

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Gregory S Grossman**   ggrossman@sequorlaw.com, ngonzalez@sequorlaw.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov

**Manual Notice List**

- (No manual recipients)



**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

**CAUSE NO: FSD 70 OF 2021 (RPJ)**

**IN THE MATTER OF SECTIONS 131, 224(5) and 225(2) OF THE COMPANIES ACT (2021 REVISION) (AS AMENDED)**

**AND IN THE MATTER OF COMPANIES WINDING UP RULES (2018), ORDER 15 (AS REVISED)**

**AND IN THE MATTER OF PERFORMANCE INSURANCE COMPANY SPC (IN VOLUNTARY LIQUIDATION)**

In Chambers
7 April 2021
Before The Honourable Justice Raj Parker

## SUPERVISION ORDER

**UPON** the application of Kenneth M. Krys and Neil S. Dempsey (the "**Petitioners**") in their capacity as the joint voluntary liquidators of Performance Insurance Company SPC (in voluntary liquidation) (the "**Company**") by their Petition dated 17 March 2021 (the "**Petition**") for an order that the liquidation of the Company continue under the supervision of the Court pursuant to section 131 of the Companies Act;

**AND UPON** reading the first and second affidavit of Kenneth M. Krys dated 17 March 2021, the third affidavit of Kenneth M. Krys dated 31 March 2021 and the first affidavit of Neil S. Dempsey dated 17 March 2021 in their capacity as a joint voluntary liquidators of the Company, together with the exhibits thereto;

**AND UPON** hearing from Counsel for the Petitioners;

THIS ORDER was filed by HSM Chambers, attorneys for the Petitioners, whose address for service is 68 Fort Street, PO Box 31726, George Town, Grand Cayman, KY1-1207, Cayman Islands (Ref: 509403.0001/ADC).



**AND UPON** the Court having granted leave in respect the Shareholder Resolution and Directors' Resolution giving effect to the voluntary winding up of the Company and the appointment of Kenneth M. Krys and Neil S. Dempsey of KRyS Global as JVLs of the Company pursuant to sections 224(5) and 225(2) of the Companies Act;

**AND UPON** the Court being satisfied that the Petitioners are qualified insolvency practitioners who satisfy the residency, independence and insurance requirements of the Insolvency Practitioners' Regulations;

**AND UPON** the Court being satisfied that the Company's members consent or do not object to a supervision order being made;

**IT IS ORDERED THAT:**

1. The liquidation of the Company shall be continued under the supervision of the Court pursuant to section 131 of the Companies Act.

2. Kenneth M. Krys and Neil S. Dempsey of KRyS Global, 23 Lime Tree Bay Avenue Governors Square, Building 3, Ground Floor, PO Box 31237, KY1-1205, Grand Cayman, Cayman Islands be appointed as joint official liquidators of the Company (the "**JOLs**").

3. The JOLs have the power to act jointly and severally.

4. The JOLs shall not be required to give security for their appointment.

5. The JOLs be authorised to take steps as necessary or desirable to take possession, custody and control of the assets, books and records of the Company and each of its segregated portfolios as described in the Petition and the 2nd Affidavit of Kenneth M. Krys (the "**Segregated Portfolios**").

THIS ORDER was filed by HSM Chambers, attorneys for the Petitioners, whose address for service is 68 Fort Street, PO Box 31726, George Town, Grand Cayman, KY1-1207, Cayman Islands (Ref: 509403.0001/ADC).



6.  The JOLs be authorised to take any such action as may be necessary or desirable to obtain recognition of the JOLs and/or their appointment and/or powers in any other relevant jurisdiction, including, without limitation the United States of America, and to make application to the courts of such jurisdictions for that purpose.

7.  The JOLs be authorised as representatives of the Company to seek relief under Chapter 15 of Title 11 of the United States Bankruptcy Code, and to take such steps arising in connection therewith that the JOLs may consider appropriate.

8.  The Court requests that all courts of competent jurisdiction outside of the Cayman Islands lend their aid and assistance to this Court and the JOLs in the efforts to achieve an orderly liquidation of the Company and its Segregated Portfolios.

9.  In addition to the powers prescribed in Part II of Schedule 3 of the Companies Act which are exercisable without sanction of the Court, the JOLs be authorised pursuant to section 110(2)(a) of the Companies Act to exercise any of the following powers specified in Part I of Schedule 3 to the Companies Act, within and outside of the Cayman Islands, without further sanction of the Court:

    a)  The power to bring or defend any action or other legal proceeding in the name and on behalf of the Company and its Segregated Portfolios;

    b)  The power to engage attorneys and other professionally qualified persons, based within the Cayman Islands, United States of America and in any other jurisdiction, to assist them in the performance of their functions, including without limitation, the FTI Receivers and Kynect as defined in the Petition and 2nd Affidavit of Kenneth M. Krys, or any other attorney or professional qualified persons already engaged by the Company and its Segregated Portfolios;

    c)  The power to carry on the business of the Company so far as may be necessary for its beneficial winding up including the novation of the business and assets of the Segregated Portfolios;

THIS ORDER was filed by HSM Chambers, attorneys for the Petitioners, whose address for service is 68 Fort Street, PO Box 31726, George Town, Grand Cayman, KY1-1207, Cayman Islands (Ref: 509403.0001/ADC).



d)  The power to engage staff (whether or not as employees of the Company) and/or agents within the Cayman Islands, the United States of America and elsewhere to assist them in the performance of their functions contemplated by this Order, which they are unable to do themselves or which can be more conveniently done by an agent;

e)  The power to dispose of any property of the company to a person who is or was related to the Company and its Segregated Portfolios;

f)  The power to pay any class of creditors in full;

g)  The power to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the Company or its Segregated Portfolios, or for which the Company or its Segregated Portfolios may be rendered liable;

h)  The power to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the Company or its Segregated Portfolios and a contributory or alleged contributory or other debtor or person apprehending liability of the Company or its Segregated Portfolios;

i)  The power to deal with all questions in any way relating to or affecting the assets or the winding up of the Company or its Segregated Portfolios, to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it; and

j)  The power to sell any of the Company's property or any of the property of the Segregated Portfolios by public auction or private contract with the power to transfer the whole of it to any person or to sell the same in parcels.

THIS ORDER was filed by HSM Chambers, attorneys for the Petitioners, whose address for service is 68 Fort Street, PO Box 31726, George Town, Grand Cayman, KY1-1207, Cayman Islands (Ref: 509403.0001/ADC).



10. The JOLs remuneration and expenses be paid out of the general assets of the Company in accordance with section 109 of the Companies Act, the Insolvency Practitioner's Regulations (as amended) and the Companies Winding Up Rules ("**CWR**"). To the extent that the actions of the JOLs benefits any or all of the Segregated Portfolios, the JOLs shall have leave to apply to the Court for directions and approval of the apportionment of fees and expenses amongst the Company and the Segregated Portfolios.

11. The JOLs be at liberty to meet all disbursements reasonably incurred in the performance of their duties out of the general assets of the Company as expenses of the winding up. To the extent that the disbursements are related to or for the benefit of any or all of the Segregated Portfolios, the JOLs shall have leave to apply to the Court for directions and approval of the apportionment of disbursements amongst the Company and the Segregated Portfolios.

12. The JOLs be at liberty to and do pay their agents, employees, attorneys, solicitors and whomever else they may employ or instruct, remuneration and costs, and for the avoidance of doubt, all such payments shall be made as and when they fall due out of the general assets of the Company as expenses of the winding up. To the extent that the actions of the JOLs' agents, employees, attorneys, solicitors and whomever else they may employ or instruct, benefits any or all of the Segregated Portfolios, the JOLs shall have leave to apply to the Court for directions and approval of the apportionment of fees and expenses amongst the Company and the Segregated Portfolios.

13. No suit, action or other proceedings shall be proceeded with or commenced against the Company or the Segregated Portfolios except with leave of the Court pursuant to section 97 of the Companies Act.

14. No disposition of the Company's property or the segregated property of the Segregated Portfolios by or with the authority of the JOLs in carrying out their duties and functions and the exercise of their powers shall be avoided by virtue of section 99 of the Companies Act.

15. The JOLs shall:

    a) File a certificate of solvency/insolvency in respect of the Company but not in respect of any of the Segregated Portfolios;

THIS ORDER was filed by HSM Chambers, attorneys for the Petitioners, whose address for service is 68 Fort Street, PO Box 31726, George Town, Grand Cayman, KY1-1207, Cayman Islands (Ref: 509403.0001/ADC).

    b)    Not be required to convene separate meetings of creditors and/or contributories for each of the Segregated Portfolios, but shall be permitted to convene meetings of creditors and/or contributories on an ad hoc basis;

    c)    Establish a liquidation committee in respect of the Company;

    d)    Not be required to establish a liquidation committee in respect of any of the Segregated Portfolios, but shall be permitted to establish liquidation committees on an ad hoc basis in respect of any of the Segregated Portfolios; and

    e)    Not be required to observe separate reporting and accounting obligations for the Company and each of the Segregated Portfolios, but shall be permitted to observe reporting and accounting obligations on a global basis in respect of the Company and the Segregated Portfolios, and shall make redactions where the JOLs deem advisable.

16. The JOLs shall have liberty to apply for further directions relating to the winding up of the Company and the Segregated Portfolios.

17. The Petitioners' costs of and incidental to the Petition be paid from the general assets of the Company as an expense of the winding up. The Petitioners' shall have leave to apply to the Court for directions and approval of the apportionment of the Petitioners' costs of and incidental to the Petition amongst the Company and the Segregated Portfolios.

DATED the 7th day of April 2021
FILED  the  7th day of April 2021



_____
**The Honourable Justice Raj Parker**
**Judge of the Grand Court**

THIS ORDER was filed by HSM Chambers, attorneys for the Petitioners, whose address for service is 68 Fort Street, PO Box 31726, George Town, Grand Cayman, KY1-1207, Cayman Islands (Ref: 509403.0001/ADC).