

**ORDERED in the Southern District of Florida on April 14, 2021.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Performance Insurance Company SPC                    Chapter 15

    Debtor in a Foreign Proceeding.                   Case No.: 21-12609-AJC
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on April 13, 2021 ("Hearing"), upon the *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 of the Bankruptcy Code and Granting Related Relief* (the "Chapter 15 Petition") (DE 1 & 2) filed by Kenneth Krys and Neil Dempsey (the "JLs" or the "Foreign Representatives"), the Joint Liquidators of Performance Insurance Company SPC and its segregated portfolios[1] (collectively,

---

[1] The Debtor contains twelve segregated portfolios (i) Bottini Insurance SP; (ii) Gen 1 Insurance Company SP; (iii) Goldenstar Holdings Company SP; (iv) Greystone Insurance SP; (v)

the "Debtor"). The Chapter 15 Petition seeks recognition and related relief, pursuant to Chapter 15 of the Bankruptcy Code, of the Debtor's voluntary liquidation proceeding pending in the Cayman Islands (the "Liquidation"). The Court, having considered the Chapter 15 Petition, its attachments, the argument of counsel at the Hearing, and being otherwise duly informed, makes the following order.

The Court finds:

A. Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representatives.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E. Kenneth Krys and Neil Dempsey, the JLs qualify as a "foreign representatives" as defined in 11 U.S.C. §101(24).

F. This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, 1517.

G. The Foreign Representatives have met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H. On or about April 7, 2021, the Grand Court of the Cayman Islands entered an order of direct supervision of the Liquidation and appointed the JLs as Joint Official Liquidators (DE 10).

---

Hudson York Insurance Company SP; (vi) Omega Insurance Company SP; (vii) Performance 5 SP; (viii) Prewett Insurance Company SP; (ix) Smart Insure SP; (x) SSS Insurance SP; (xi) Sustainable Insurance Company SP; and (xii) Triangle RGK SP.

    I.        The Liquidation is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

    J.        The Liquidation is entitled to recognition by this Court under 11 U.S.C. §1517.

    K.       The Liquidation is pending in the Cayman Islands. The Cayman Islands is the country where the Debtor had its center of main interests when the Liquidation was commenced, when this case was filed, and at the time of the hearing; accordingly, the Liquidation is a foreign main proceeding, under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

    L.        The Foreign Representatives are entitled to all relief provided under 11 U.S.C. § 1520.

    M.       The Foreign Representatives are further entitled to the relief expressly set forth in 11 U.S.C. § 1521(a)(1)(2)(3)(4)(5).

    N.       The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

    O.       The Court finds that the interests of the creditors, interested entities, the Debtor, and the Debtor's estate are sufficiently protected by the rights and obligations under the Federal Rules of Bankruptcy Procedure and/or Federal Rules of Civil Procedure governing the taking of discovery.

    P.       The Debtor is a defendant in litigation pending in the United States District Court for the Western District of Kentucky styled Lexington Insurance Company, et al. v. The Ambassador Group LLC, et al, Case No. 3:20-CV-00330-JRW (the "Kentucky Litigation"). In the Kentucky Litigation, the District Court entered two consent orders, one in May 2020 (DE 16

& 17 in the Kentucky Litigation) and the other in October 2020 (DE 62 in the Kentucky Litigation) in connection with requests for injunctive relief (the "Kentucky Consent Orders") directed at, among others, the Debtor. Part of the Kentucky Consent Orders involves certain segregated portfolios ("Consent Order SPs") and the maintenance and use of the accounts held by or for the benefit of the Consent Order SPs ("Consent Order Accounts"). Among other things, the Kentucky Consent Orders provide (in paragraph 5 of each order) that the Debtor "shall not transfer, diminish or dissipate" funds in the Consent Order Accounts "other than to adjust, pay or settle claims made by policyholders and certificate holders in the normal course."

Q. Counsel for the plaintiffs in the Kentucky Litigation have represented that the Consent Order SPs are:

Goldenstar Holdings Company SP

Smart Insure SP

Sustainable Insurance Company SP

Triangle RGK SP

Gen-1 Insurance Company SP

Omega Insurance Company SP

R. The Foreign Representatives represent that they have not withdrawn any funds from any of the Consent Order Accounts.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Liquidation is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2. The Liquidation shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

3. The Foreign Representatives are entrusted with the full administration and realization of all or a part of the Debtor's bankruptcy estate and assets within the territorial jurisdiction of the United States.

4. The Foreign Representatives shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5. The provisions of 11 U.S.C. § 1520 apply to this proceeding.

6. All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

7. All persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

8. All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, or exercising control over any assets of the Debtor or the Debtor's bankruptcy estate, located in the United States.

9. All persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate, located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representatives by written notice sent to the following addresses:

Attn: Kenneth Krys & Neil Dempsey
Governors Square, Building 3, Ground Floor
 23 Lime Tree Bay Avenue. PO Box 31237 ·
Grand Cayman · KY1-1205
Cayman Islands

With a copy to:

Attn: Gregory S. Grossman
Juan J. Mendoza
Sequor Law, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Foreign Representatives shall file with the Court a Certificate of Service listing all persons or entities whom he has provided notice of this Order.

10. Other than a counterclaim to a suit brought by the JLs, no person or entity may commence suit against the JLs in any court, including this Court, in the United States without first obtaining leave of this Court.

11. The Foreign Representatives are authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

12. The Foreign Representatives are further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Foreign Representatives are authorized and empowered, and may in its discretion and without

6

further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

14. No action taken by Foreign Representatives in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Liquidation or any order entered in or in respect of this Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Foreign Representatives, including pursuant to 11 U.S.C. §§ 306 and 1510.

15. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

16. This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

17. Notwithstanding anything in this Order to the contrary, by agreement of the Foreign Representatives:

A. For Consent Order Accounts that are located in the territorial jurisdiction of the United States of America, the Foreign Representatives shall not take any action that is inconsistent with the Kentucky Consent Orders in regard to such Consent Order Accounts, unless the Foreign Representatives have sought and received, after notice and hearing, either consent of this Court to take such action or an adjudication from this Court that the Foreign Representatives may take such action notwithstanding the existence of the Kentucky Consent Orders.

B. For Consent Order Accounts that are located outside the territorial jurisdiction of the United States of America, the Foreign Representative shall not take any action that is

inconsistent with the Kentucky Consent Orders in regard to such Consent Order Accounts unless the Foreign Representatives have sought and received, after notice and hearing, consent of the Court in the Foreign Main Proceeding to take such action.

For avoidance of doubt, nothing in this Order is intended or should be construed to (a) prevent the litigants in the Kentucky Litigation to seek further relief from the Foreign Main Proceeding, or from this Court regarding the Consent Order Accounts or the Kentucky Litigation including requesting relief from the automatic stay, (b) prevent the Foreign Representative from obtaining signatory authority or similar rights over any bank account(s) that comprise the Consent Order Accounts or to cause the transfer of funds in any of those bank accounts to another banking institution in the same territorial jurisdiction if necessary for the purpose of gaining control in accordance with the statutory obligations of the Foreign Representatives, (c) effectuate a waiver of the rights, remedies, and defenses of the litigants in the Kentucky Litigation or the Foreign Representative regarding the impact of the automatic stay on the Kentucky Consent Orders, or (d) prevent this Court from considering any rulings or adjudications made by the Court in the Foreign Main Proceeding with regard to the Consent Order Accounts or to communicate with such Court as permitted by law on such subject.

# # #

Submitted by:

Gregory S. Grossman
Juan J. Mendoza, Esq.
SEQUOR LAW, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: ggrosmann@sequorlaw.com
jmendoza@sequorlaw.com

*(Juan J. Mendoza shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter)*