# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*(ELECTRONICALLY FILED)*

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY,  ) | |
| ) | |
| Plaintiff,  ) | CASE NO. 3:20-CV-00330-JRW |
| ) | |
| v.  ) | JUDGE JUSTIN R. WALKER |
| ) | |
| THE AMBASSADOR GROUP LLC  ) | |
| d/b/a AMBASSADOR CAPTIVE  ) | |
| SOLUTIONS, et al.,  GAGLIARDI  ) | |
| INSURANCE SERVICES, INC.;  ) | |
| GOLDENSTAR SPECIALTY  ) | |
| INSURANCE, LLC;  PERFORMANCE  ) | |
| INSURANCE COMPANY SPC on behalf  ) | |
| of GOLDENSTAR HOLDINGS  ) | |
| COMPANY SP and on behalf of SMART  ) | |
| INSURE SP; and BRANDON WHITE  ) | |
| ) | |
| Defendants.  ) | |

**AGREED ORDER**

Pursuant to the joint request by Plaintiff, Lexington Insurance Company ("Plaintiff" or "Lexington"), and all Defendants in this action, for entry of this Order, which is intended to maintain the status quo until a decision of this Court is entered on Plaintiff's motion for a preliminary injunction;

**WHEREAS**, Plaintiff has filed the instant action against Defendants seeking a temporary restraining order, preliminary injunction and a permanent injunction, and other relief;

**WHEREAS**, Plaintiff has requested injunctive relief on its claims for registered trademark infringement under the Lanham Act, 15 U.S.C. § 1114; trademark counterfeiting under the Lanham Act, 15 U.S.C. § 1114; unfair competition and false designation of origin under the Lanham Act,

1

15 U.S.C. § 1125(a); unfair competition under the common law of California, Kentucky, Pennsylvania, New York, and Texas; statutory unfair competition under California law, Cal. Bus. Prof. Code § 17200; insurance fraud under KRS § 304.47-020; and misappropriation of name under Kentucky common law;

**WHEREAS,** Brandon White ("White"), The Ambassador Group LLC ("Ambassador"), and Performance Insurance Company SPC ("Performance") represent and warrant that no person or entity involved with or connected in any way to the Madera Residential Insurance Program as defined in the Complaint is currently issuing any policies or certificates of insurance in the name of Lexington or any other insurance company affiliated with American International Group, Inc. ("AIG"), or AIG, and that there is no potential for any claims to be made against Lexington, AIG or any other AIG-affiliated insurance company in connection with Madera Residential Insurance Program;

**WHEREAS,** Defendants represent and warrant that (i) the Gagliardi Insurance Program (as defined in the Complaint) expired in July 2019 and has not since that time in any way involved Lexington or any other AIG-affiliated insurance company; and (ii) there are no active, in-force policies or certificates of insurance bearing the name of Lexington, AIG or any other AIG-affiliated insurance company that are being used in any way, or that have been distributed to policyholders or certificate holders, in connection with the Gagliardi Insurance Program;

**WHEREAS,** Defendants represent and warrant that more than $6 million in premiums were collected by Goldenstar Holdings Company SP ("Goldenstar") in connection with the Gagliardi Insurance Program and there is now more than $3 million being held in escrow (the "Escrow") to cover any potential claims made in connection with the Gagliardi Insurance Program,

15 U.S.C. § 1125(a); unfair competition under the common law of California, Kentucky, Pennsylvania, New York, and Texas; statutory unfair competition under California law, Cal. Bus. Prof. Code § 17200; insurance fraud under KRS § 304.47-020; and misappropriation of name under Kentucky common law;

**WHEREAS,** Brandon White ("White"), The Ambassador Group LLC ("Ambassador"), and Performance Insurance Company SPC ("Performance") represent and warrant that no person or entity involved with or connected in any way to the Madera Residential Insurance Program as defined in the Complaint is currently issuing any policies or certificates of insurance in the name of Lexington or any other insurance company affiliated with American International Group, Inc. ("AIG"), or AIG, and that there is no potential for any claims to be made against Lexington, AIG or any other AIG-affiliated insurance company in connection with Madera Residential Insurance Program;

**WHEREAS,** Defendants represent and warrant that (i) the Gagliardi Insurance Program (as defined in the Complaint) expired in July 2019 and has not since that time in any way involved Lexington or any other AIG-affiliated insurance company; and (ii) there are no active, in-force policies or certificates of insurance bearing the name of Lexington, AIG or any other AIG-affiliated insurance company that are being used in any way, or that have been distributed to policyholders or certificate holders, in connection with the Gagliardi Insurance Program;

**WHEREAS,** Defendants represent and warrant that more than $6 million in premiums were collected by Goldenstar Holdings Company SP ("Goldenstar") in connection with the Gagliardi Insurance Program and there is now more than $3 million being held in escrow (the "Escrow") to cover any potential claims made in connection with the Gagliardi Insurance Program,

and that, except as necessary to pay claims in the ordinary course with respect to the Gagliardi Insurance Program, the Escrow will remain in place;

**WHEREAS,** Ambassador, White and Performance represent and warrant that, with the exception of the Gagliardi Insurance Program, the Madera Residential Insurance Program, the Streamline program, the Performance 1 program, and the Prewett Insurance SP program, they know of no other insurance program involving the use or sale of policies or certificates of insurance bearing the name of Lexington, AIG or any other AIG-affiliated insurance company;

**WHEREAS,** Defendants represent and warrant that they are not currently engaging in any of the activity requested to be enjoined and agree to maintain the *status quo* until a decision is made by this Court on Plaintiff's motion for a preliminary injunction, and that because they consent to the requested relief, a Temporary Restraining Order hearing against Defendants is unnecessary;

**WHEREAS,** Lexington has agreed to the entry of this Agreed Order based on the representations and warranties set forth herein, and without waiving any rights and expressly preserving all claims;

**WHEREAS,** Defendants agree to the requested injunctive relief and an order compelling expedited discovery until there is a decision by this Court on Plaintiff's Motion for a Preliminary Injunction;

**IT IS HEREBY ORDERED, ON CONSENT OF THE PARTIES:**

1) By entering into this Agreed Order, Plaintiff is not limiting its claims and Defendants are not admitting liability or waiving any defenses or other rights they have. Rather, this Agreed Order is being entered into to avoid unnecessary judicial proceedings, preserve resources, and maintain the *status quo* pending further proceedings in this Court;

2) Defendants, their agents, employees, officers, attorneys, successors, assigns, affiliates, and all persons in privity or in active concert or participation with any of them, shall not represent to anyone that AIG, Lexington, or another AIG-affiliated insurance company issued any insurance policies or insurance certificates, or is responsible for any loss, with respect to the Gagliardi Insurance Program or Madera Residential Insurance program, as both are defined in the Complaint;

3) Defendants, their agents, employees, officers, attorneys, successors, assigns, affiliates, and all persons in privity or in active concert or participation with any of them, shall not issue any additional insurance policies bearing the name of Lexington, AIG or any other AIG-affiliated insurance company;

4) Defendants, their agents, employees, officers, attorneys, successors, assigns, affiliates, and all persons in privity or in active concert or participation with any of them, shall not use in any manner the Lexington Mark and Lexington Trade Name (as those terms are defined in the Complaint) in offering for sale, selling, distributing, or advertising any and all goods or services, including, but not limited to, all insurance products, insurance policies, certificates of insurance, insurance forms, or any other documents purporting to evidence insurance;

5) Defendants, their agents, employees, officers, attorneys, successors, assigns, affiliates, and all persons in privity or in active concert or participation with any of them, shall not transfer, diminish or dissipate the Escrow or other monies received from the sale of any insurance policies bearing the Lexington Mark (as those terms are defined in the Complaint) other than to adjust, pay or settle claims made by policyholders and certificated holders in the Gagliardi Insurance Program in the normal course. Defendants shall provide sufficient documentation concerning the amount and location (*e.g.*, depository institution) of the funds in the Escrow;

6) Expedited discovery is hereby ordered as follows: (i) the parties to this action may immediately serve upon each other and pursuant to Rule 45 on nonparties requests for the production of documents and the receiving party shall respond to such requests and produce documents within fifteen (15) days of receipt of such requests; (ii) the parties may immediately serve upon each other interrogatories and the receiving party shall respond to and answer such interrogatories within fifteen (15) days; and (iii) thirty days before the preliminary injunction hearing, the parties shall designate in writing all persons other than counsel who either (a) will submit a declaration in connection with the preliminary injunction hearing, or (b) in the event the Court orders a live witness hearing, will testify on behalf of any party, and each party designating any such persons shall make such person available for an in-person or video deposition on three-days' written notice.

7) This Order shall remain in effect until such time as the Court rules on Plaintiff's pending motion for preliminary injunction.

8) The hearing on Plaintiff's motion for a preliminary injunction is set for July \_\_\_\_, 2020. Lexington may submit additional papers in support of its motion on _____,\_\_\_\_; Defendants may submit opposition papers no later than \_\_\_\_\_.\_\_\_\_\_; and Plaintiff shall submit reply papers, if any, no later than _____,\_\_\_\_\_.

_____
**HON. JUSTIN R. WALKER**

**AGREED TO BY**:

*/s/ Elisabeth S. Gray (with permission)*_____
Elisabeth S. Gray
Brian P. McGraw
**MIDDLETON REUTLINGER**
401 S. Fourth Street, Suite 2600
Louisville, KY 40202
Phone: (502) 584-1135
egray@middletonlaw.com
bmcgraw@middletonlaw.com
 *Counsel for Defendants*
*The Ambassador Group LLC d/b/a Ambassador Captive Solutions,*
*Brandon White, Gagliardi Insurance Services, Inc.,*
*Goldenstar Specialty Insurance, LLC and*
*Performance Insurance Company SPC*


*/s/ Joel T. Beres*_____
Joel T. Beres
**STITES & HARBISON, PLLC**
400 West Market Street, Suite 1800
Louisville, KY 40202
(502) 587-3400
jberes@stites.com

- and –

Adam J. Kaiser
Joanna H. Schorr
**ALSTON & BIRD, LLP**
90 Park Avenue
New York, NY 10016
(212) 210-9400
adam.kaiser@alston.com
joanna.schorr@alston.com
*Counsel for Plaintiff*
*Lexington Insurance Company*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

LEXINGTON INSURANCE COMPANY                                                              PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:20-CV-330-JRW

THE AMBASSADOR GROUP LLC, et al.                                                        DEFENDANTS

### ORDER FOLLOWING TELEPHONIC HEARING

The Court held a telephonic hearing on May 13, 2020. Adam Kaiser, Joel Beres, and Carolyn Michener appeared for Lexington Insurance Company. Elisabeth Gray and Brian McGraw appeared for the Defendants.

The Court **ORDERS**:

1. The Court **GRANTS** Lexington's two unopposed pro hac motions (DNs 7 & 8).

2. The Court **GRANTS in part** and **DENIES in part** the parties' joint motion for a hearing (DN 11).

   a. The Court will hold an in-person hearing on Lexington's motion for a preliminary injunction on **July 28, 2020 at 10:00 A.M.**; the hearing will continue the next day, if necessary.

   b. Given the parties' agreement that a hearing on a temporary restraining order isn't necessary, the Court denies the request to schedule that hearing as moot.

   c. Lexington's supplemental filing is due June 26.

   d. Defendants' response is due July 10.

   e. Lexington's reply is due July 22.

3. The Court **DENIES as moot** the parties' first proposed agreed order (DN 15).

1

2

4. The Court **ADOPTS** the parties' second proposed agreed order (DN 16) in full.

:10

Justin R Walker, District Judge
United States District Court

May 14, 2020