

**ORDERED in the Southern District of Florida on August 19, 2022.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

PERFORMANCE INSURANCE COMPANY SPC          Chapter 15

    Debtor in a Foreign Proceeding.          Case No.:  21-12609-AJC
_____/

**ORDER GRANTING *EX-PARTE* UNOPPOSED MOTION FOR RELIEF FROM CERTAIN PROVISIONS OF RECOGNITION ORDER, TO REPATRIATE FUNDS TO JOLS IN THE CAYMAN ISLANDS,  AND FOR RELATED RELIEF**

**THIS MATTER** came before the Court upon the *Ex-Parte Unopposed Motion for Relief from the Stay Provisions of Recognition Order and for Related Relief* [ECF No. 50] (the "Motion") of Kenneth Krys and Neil Dempsey (the "JOLs"), in their capacity as the Joint Official Liquidators of Performance Insurance Company SPC (the "Debtor"), with the consent of State National Insurance Company ("State National"), Lexington Insurance Company ("Lexington"),

and the shareholders of each of Gen 1 Insurance Company SP, Greystone Insurance SP, Prewett Insurance Company SP, Smart Insure SP, and Triangle RGK SP, each of which us a segregated portfolio of the Debtor (collectively, the "Subject SPs") for entry of an Order granting relief from the certain provisions of the Recognition Order[1] so as to enable the JOLs to implement certain settlement agreements approved by the Cayman Court with the counterparties thereto; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a) and 1334; having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; having found that the relief requested in the Motion is in the best interests of the Debtor, the estate, and other parties in interest; and having reviewed the Motion and having determined there is just cause for the relief granted herein, it is

**ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The JOLs are relieved from the provisions of the Recognition Order to effectuate the settlements of the Subject SPs, including specifically the stay provisions contained therein, so as to enable the JOLs to implement the settlements approved by the Cayman Court regarding the Subject SPs. The Recognition Order remains in full force and effect as it relates to the Debtor and the Segregated Portfolios other than the Subject SPs. Should the terms of the settlements approved by the Cayman Court not be effected, the JOLs will seek the direction of the Cayman Court and return to this Court, if appropriate.

---

[1] All capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Motion.

3. The JOLs are authorized and empowered to take such actions as may be reasonably necessary to implement the terms of the settlements including the repatriation of funds of the Subject SPs in the United States of America to accounts under control of the JOLs in The Cayman Islands.

4. To the extent applicable, the counterparties to the settlement agreements shall be relieved from the stay provisions of the Recognition Order in order to consummate and implement the settlements thereunder.

5. This Court shall retain jurisdiction with respect to all matters, claims, rights, and obligations arising from or related to the implementation of this Order.

###

**Submitted By:**
Gregory S. Grossman
Sequor Law, P.A.
*Counsel for the JOLs*
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
ggrossman@sequorlaw.com

**Copies to:**

Gregory S. Grossman, Esq.
[Attorney Grossman is directed to serve a conformed copy of this order on all interested parties and file a certificate of service with the court]

F:\WDOX\CLIENTS\40112\1001\00350509.DOCX