UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

PERFORMANCE INSURANCE COMPANY SPC         Chapter 15

   Debtor in a Foreign Proceeding.          Case No.: 21-12609-AJC
_____/

**SECOND *EX-PARTE* UNOPPOSED MOTION FOR RELIEF FROM
CERTAIN PROVISIONS OF RECOGNITION ORDER, TO REPATRIATE FUNDS
TO THE JOLS IN THE CAYMAN ISLANDS, AND FOR RELATED RELIEF**

Now Come Kenneth Krys and Neil Dempsey (the "JOLs"), in their capacity as the Joint Official Liquidators of Performance Insurance Company SPC (the "Debtor"), with consent of State National Insurance Company ("State National"), and the shareholders of Sustainable Insurance Company SP, a segregated portfolio of the Debtor ("Sustainable SP") and file this motion (the "Motion") for entry of an order of the Court, in the form attached hereto as Exhibit "A" (the "Proposed Order"), granting relief from certain provisions of the Recognition Order (as defined below), to repatriate certain funds to the JOLs in The Cayman Islands (the location of the foreign main proceeding), and to grant other relief so as to implement certain settlement agreements approved by the court presiding over the foreign main proceeding ("Cayman Court"). In support of the Motion, the JOLs state as follows:

SEQUOR LAW, P.A.

**RELEVANT FACTS**

**I.   Background**

1. The Debtor is a segregated portfolio company incorporated in the Cayman Islands.

2. On March 19, 2021, the Debtor commenced this Chapter 15 case by filing its *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to 1515 and 1517 of the Bankruptcy Code and Granting Related Relief* [ECF Nos. 1 & 2] (the "Recognition Motion"). Pursuant to the Recognition Motion, the Debtor sought an order granting (i) recognition, pursuant to 11 U.S.C. § 1517 of the Debtor's voluntary liquidation proceeding pending in the Cayman Islands (the "Voluntary Liquidation") and (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code. On April 13, 2021, this Court held a hearing on the Recognition Motion and on April 15, 2021 entered an *Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Granting Related Relief* [ECF No. 17] (the "Recognition Order").

3. As a segregated portfolio company, the Debtor's assets and liabilities can be allocated to segregated portfolios so that the assets and liabilities of each portfolio are ring-fenced from the assets and liabilities of other portfolios and the Debtor.

4. The Debtor currently has the following segregated portfolios: (i) Bottini Insurance SP; (ii) Gen 1 Insurance Company SP; (iii) Goldenstar Holdings Company SP; (iv) Greystone Insurance SP; (v) Hudson York Insurance Company SP; (vi) Omega Insurance Company SP; (vii) Performance 5 SP; (viii) Prewett Insurance Company SP; (ix) Smart Insure SP; (x) SSS Insurance SP; (xi) Sustainable Insurance Company SP; and (xii) Triangle RGK SP (collectively, the "Segregated Portfolios").

5. For purposes of this Motion, the relief sought herein relates only to Sustainable SP.

6. The general background for this Chapter 15 case, the Debtor, and its segregated portfolios is set forth in the petition for recognition and accompanying papers. DE 2

## II. The Voluntary Liquidation Becomes Official Liquidation

7. On February 26, 2021, the Debtor commenced its voluntary wind up under Cayman Islands law, namely section 117(a) of the Companies Act, 2010 (the "Voluntary Petition").

8. In connection therewith, on March 18, 2021, Mr. Krys and Mr. Dempsey filed a Petition for Leave and Court Supervision in the Grand Court of the Cayman Islands (the "Cayman Court") seeking to subject the Voluntary Petition to the supervision of the Cayman Court, which the Cayman Court granted by entry of a Supervision Order on April 6, 2021 (the "Cayman Petition"). As a result Mr. Krys and Mr. Dempsey became Joint Official Liquidators.

## III. Settlements Reached and Approved Regarding Sustainable SP.

9. As part of the efforts to wind up the affairs of and liquidate the Debtor and the Segregated Portfolios, the shareholders of the Sustainable SP and State National engaged in good faith negotiations for a consensual resolution regarding their interests in and to Sustainable SP.

10. Specifically and as a result of such good faith negotiations State National's claims against Sustainable were resolved pursuant to the terms of a confidential settlement agreement. The Cayman Court has approved and authorized the JOLs to proceed with the acts necessary to implement that settlement agreement.

11. The JOLs are advised that counsel for State National and/or Lexington Insurance Company are filing motions or other requests regarding the Kentucky Consent Orders in the Kentucky Litigation as they deem necessary.

## RELIEF REQUESTED

12.  The terms of the settlement approved in the Cayman Court may be subject in whole or in part to certain provisions of the Recognition Order.

13.  The Recognition Order provides, among other things, that:

All persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States. *See* Recognition Order, ¶ 8.

All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, or exercising control over any assets of the Debtor or the Debtor's bankruptcy estate, located in the United States. *See* Recognition Order, ¶ 9.

14.  The Recognition Order further provides:

17.  Notwithstanding anything in this [Recognition] Order to the contrary, by agreement of the Foreign Representatives:

A.  For Consent Order Accounts that are located in the territorial jurisdiction of the United States of America, the Foreign Representatives shall not take any action that is inconsistent with the Kentucky Consent Orders in regard to such Consent Order Accounts, unless the Foreign Representatives have sought and received, after notice and hearing, either consent of this Court to take such action or an adjudication from this Court that the Foreign Representatives may take such action notwithstanding the existence of the Kentucky Consent Orders.

B.  For Consent Order Accounts that are located outside the territorial jurisdiction of the United States of America, the Foreign Representative shall not take any action that is inconsistent with the Kentucky Consent Orders in regard to such Consent Order Accounts unless the Foreign Representatives have sought and received, after notice and hearing, consent of the Court in the Foreign Main Proceeding to take such action.

For avoidance of doubt, nothing in this Order is intended or should be construed to (a) prevent the litigants in the Kentucky Litigation to seek further relief from the Foreign Main Proceeding, or from this Court regarding the Consent Order Accounts or the Kentucky Litigation including requesting relief from the automatic stay, (b) prevent the Foreign Representative from obtaining signatory authority or similar rights over any bank account(s) that comprise the Consent Order Accounts or to cause the transfer of funds in any of those bank accounts to another banking institution in the same territorial jurisdiction if necessary for the purpose of gaining control in accordance with the statutory obligations of the Foreign Representatives, (c) effectuate a waiver of the rights, remedies, and defenses of the litigants in the

Kentucky Litigation or the Foreign Representative regarding the impact of the automatic stay on the Kentucky Consent Orders, or (d) prevent this Court from considering any rulings or adjudications made by the Court in the Foreign Main Proceeding with regard to the Consent Order Accounts or to communicate with such Court as permitted by law on such subject.

*See* Recognition Order, ¶ 17(A)-(B).

15. Moreover, the JOLs seek approval to repatriate any funds of Sustainable SP in the United States of America to the accounts in the control of the JOLs in The Cayman Islands in order to implement the settlement.

WHEREFORE, the Parties respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit "1"**, and grant such other and further relief as is necessary and appropriate.

Dated: August 23, 2022

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email:  ggrossman@sequorlaw.com
          jmendoza@sequorlaw.com

By:    */s/ Gregory S. Grossman*
       Gregory S. Grossman
       Florida Bar No. 896667
       Juan J. Mendoza
       Florida Bar No.: 113587

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on August 23, 2022.

By:    */s/ Gregory S. Grossman*
       Gregory S. Grossman

*EXHIBIT "1"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

PERFORMANCE INSURANCE COMPANY SPC             Chapter 15

   Debtor in a Foreign Proceeding.                                Case No.: 21-12609-AJC
_____/

**ORDER GRANTING SECOND *EX-PARTE* UNOPPOSED MOTION FOR RELIEF FROM CERTAIN PROVISIONS OF RECOGNITION ORDER, TO REPATRIATE FUNDS TO JOLS IN THE CAYMAN ISLANDS, AND FOR RELATED RELIEF**

**THIS MATTER** came before the Court upon the *Ex-Parte Unopposed Motion for Relief from the Stay Provisions of Recognition Order and for Related Relief* [ECF No. _____] (the "Motion") of Kenneth Krys and Neil Dempsey (the "JOLs"), in their capacity as the Joint Official Liquidators of Performance Insurance Company SPC (the "Debtor"), with the consent of State National Insurance Company ("State National"), and the shareholders of Sustainable Insurance

Company SP,, a segregated portfolio of the Debtor ("Sustainable SP") for entry of an Order granting relief from the certain provisions of the Recognition Order[1] so as to enable the JOLs to implement certain settlement agreements approved by the Cayman Court with the counterparties thereto; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157(a) and 1334; having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; having found that the relief requested in the Motion is in the best interests of the Debtor, the estate, and other parties in interest; and having reviewed the Motion and having determined there is just cause for the relief granted herein, it is

**ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The JOLs are relieved from the provisions of the Recognition Order to effectuate the settlements of Sustainable SP, including specifically the stay provisions contained therein, so as to enable the JOLs to implement the settlements approved by the Cayman Court regarding Sustainable SP. The Recognition Order remains in full force and effect as it relates to the Debtor and the Segregated Portfolios other than Sustainable SP. Should the terms of the settlements approved by the Cayman Court not be effected, the JOLs will seek the direction of the Cayman Court and return to this Court, if appropriate.

3. The JOLs are authorized and empowered to take such actions as may be reasonably necessary to implement the terms of the settlements including the repatriation of funds of Sustainable SP in the United States of America to accounts under control of the JOLs in The Cayman Islands.

---

[1] All capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Motion.

4. To the extent applicable, the counterparties to the settlement agreements shall be relieved from the stay provisions of the Recognition Order in order to consummate and implement the settlements thereunder.

5. This Court shall retain jurisdiction with respect to all matters, claims, rights, and obligations arising from or related to the implementation of this Order.

###

**Submitted By:**
Gregory S. Grossman
Sequor Law, P.A.
*Counsel for the JOLs*
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
ggrossman@sequorlaw.com

**Copies to:**

Gregory S. Grossman, Esq.
[Attorney Grossman is directed to serve a conformed copy of this order on all interested parties and file a certificate of service with the court