UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

PERFORMANCE INSURANCE COMPANY SPC        Chapter 15

    Debtor in a Foreign Proceeding.        Case No.: 21-12609-AJC
_____/

# MOTION TO AUTHORIZE DISTRIBUTION OF ESTATE FUNDS HELD IN THE UNITED STATES TO THE CAYMAN ISLANDS

**(Relief Requested Without a Hearing)**

Kenneth Krys and Neil Dempsey (the "Foreign Representatives"), the Official Joint Liquidators of Performance Insurance Company SPC (the "SPC") and ten of its twelve segregated portfolios[1] (collectively, the "Debtor"), file this *Motion to Authorize Distribution of Estate Funds Held in the United States to The Cayman Islands* (the "Motion"), to authorize the Foreign Representatives to repatriate the funds held in the U.S. bank accounts of the Debtor pertaining to two of its segregated portfolios, Hudson York Insurance Company SP ("Hudson SP") and Performance 5 SP, to their corresponding bank accounts in the Cayman Islands so they can be

---

[1] The Debtor's segregated portfolios are: (i) Bottini Insurance SP; (ii) Gen 1 Insurance Company SP; (iii) Goldenstar Holdings Company SP; (iv) Greystone Insurance SP; (v) Hudson York Insurance Company SP; (vi) Omega Insurance Company SP; (vii) Performance 5 SP; (viii) Prewett Insurance Company SP; (ix) Smart Insure SP; (x) SSS Insurance SP; (xi) Sustainable Insurance Company SP; and (xii) Triangle RGK SP. These twelve segregated portfolios are hereinafter referred to as the "Segregated Portfolios." The Foreign Representatives are the Official Joint Liquidators for all segregated portfolios but not for Bottini Insurance SP and SSS Insurance SP.

1

administered in the Debtor's foreign main proceeding. In support of their Motion, the Foreign Representatives state as follows:

**RELEVANT FACTS**

I.     **The Debtor and its Cayman Islands Liquidation**

1. The Debtor is a segregated portfolio company incorporated in the Cayman Islands operating in the captive insurance industry through its 12 Segregated Portfolios. D.E. 2.

2. Due to the exposure to liability in litigation and its inability to generate income after the issuance of a desist order against it by the Cayman Islands Monetary Authority, the Debtor's directors and its sole shareholder entered resolutions to wind up the Debtor on February 26, 2021, thereby commencing its voluntary liquidation (the "Debtor's Cayman Liquidation"). D.E. 2. The Debtor's Cayman Liquidation became subject to the supervision of the Grand Court of the Cayman Islands (the "Cayman Court") on April 7, 2021. D.E. 18.

3. The plaintiffs in US litigation involving the Debtor have filed proofs of debt with the foreign representatives in the Debtor's Cayman Liquidation.

II.    **The Recognition of the Debtor's Insolvency Proceeding Under Chapter 15**

4. On March 19, 2021, the Foreign Representatives filed a petition and motion for recognition of the Debtor's Cayman Liquidation under Chapter 15 of the Bankruptcy Code. D.E. 1 & 2.

5. On April 15, 2021, the Court entered its *Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Granting Additional Relief* (the "Recognition Order"). D.E. 17. The Recognition Order recognized the Debtor's court-supervised liquidation pending in the Cayman Islands as a foreign main proceeding and the Foreign Representatives as foreign representatives. D.E. 17.

6.      Among other things, the Recognition Order entrusts the Foreign Representatives with "the full administration and realization of all or part of the Debtor's bankruptcy estate and assets within the territorial jurisdiction of the United States." D.E. 17, at ¶ 3.

7.      The Recognition Order also institutes the automatic stay under section 362 of the Bankruptcy Code, and specifically provides as follows:

   a.   "All persons and entities are stayed from commencing or *continuing any action or proceeding* concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate, located in the United States." D.E. 17, at ¶ 6 (emphasis added).

   b.   "All persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States." D.E. 17, ¶ 7.

   c.   "All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, *or exercising control over* any assets of the Debtor or the Debtor's bankruptcy estate, located in the United States." D.E. 17, ¶ 8 (emphasis added).

### III.    The Novation Settlements

8.      The stakeholders of the Debtor's segregated portfolios Gen 1 Insurance Company SP, Greystone Insurance SP, Prewett Insurance Company SP, Smart Insure SP, Triangle RGK SP, and Sustainable Insurance Company SP (the "Novated SPs") entered into settlement agreements whereby their respective obligations and liabilities would be assigned to other captive insurance companies. D.E. 50 & 53. The Cayman Court approved these settlements.

9. This Court granted the Foreign Representatives' motions to authorize the distribution of the Novated SPs assets in the United States to permit the Foreign Representatives to implement the settlement agreements. D.E. 51 & 54.

10. Though the settlements affected the Novated SPs, the settlements did not affect the Debtor's six other segregated portfolios, including Hudson SP and Performance 5 SP.

### IV.  The Cayman Remuneration Order

11. On August 24, 2022, the Grand Court of the Cayman Islands overseeing the Debtor's official liquidation entered an Order (the "Remuneration Order") approving the remuneration and expenses of the Foreign Representatives up to and including July 31, 2021, under Cayman Islands law with respect to their remuneration agreements as to the SPC and four of its segregated portfolios Goldenstar Holdings Company SP, Omega Insurance Company SP, Hudson York, and Performance 5 SP. The Remuneration Order is attached as **"Exhibit A"**.

12. The Remuneration Order further authorizes the Foreign Representatives to make an interim payment for 80% of their remuneration and 100% of their expenses, including legal fees, incurred from August 1, 2021 onwards. Ex. A, ¶ 5. The Remuneration Order further authorizes the Foreign Representatives "to make any applications in other court outside of the Cayman Islands in order to give effect to the approval and payment of the [Foreign Representatives] past and future remuneration and expenses in respect of the [Debtor] and the Subject SPs." Ex. A, ¶ 6.

### RELIEF REQUESTED AND BASIS FOR RELIEF

13. Pursuant to 11 U.S.C. §§ 1521(a)(7) & 1521(b), the Foreign Representatives request an order from the Court entrusting them with the distribution of the funds located in the accounts of Hudson SP and Performance 5 SP in the United States (the "US Accounts") to the

Cayman Islands to permit the Foreign Representatives to administer these funds in connection with the Debtor's Cayman Liquidation.

14. Pursuant to section 1521(a)(5), the Court has entrusted the Foreign Representatives with the "full administration or realization of all or part of the Debtor's bankruptcy estate and assets within the territorial jurisdiction of the United States." D.E. 17, at ¶ 3; *see* 11 U.S.C. § 1521(a)(5).

15. Under section 1521(b), the court may "entrust the distribution of all or part of the debtor's assets located in the United States to the foreign representative … provided that the court is satisfied that the interest of creditors in the United States are sufficiently protected." 11 U.S.C. § 1521(b). "This alternative provision allows the debtor's estate to exit the United States for distribution." *In re Agrokor d.d.*, 591 B.R. 163, 188 (Bankr. S.D.N.Y. 2018); *see In re British Am. Ins. Co.*, 488 B.R. 205, 225 (Bankr. S.D. Fla. 2013). This relief is conditioned, however, on whether the interests of U.S. creditors are "sufficiently protected." 11 U.S.C. § 1521(b). Additionally, any relief under section 1521(b) may only be granted "if the interests of creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a).

16. Accordingly, "a bankruptcy court must be satisfied that local creditors' interests are 'sufficiently protected' before allowing a foreign representative to distribute property in a foreign proceeding, and though not an express requirement, is not precluded from satisfying itself that foreign creditors are 'sufficiently protected' before allowing a foreign representative to distribute property in a foreign proceeding." *SNP Boat Serv. S.A. v. Hotel Le St. James*, 483 B.R. 776 (Bankr. S.D. Fla. 2012).

17. Courts consider the following three factors in determining whether a creditor is afforded "sufficient protection": (i) the just treatment of all holders of claims against the

bankruptcy estate; (ii) the protection of U.S. claimants against prejudice and inconvenience in the processing of claims in the [foreign] proceeding; and (iii) the distribution of proceeds of the foreign estate substantially in accordance with the order prescribed by U.S. law. *In re Markus*, 610 B.R. 64, 76 (Bankr. S.D.N.Y. 2019), *aff'd,* 620 B.R. 31 (S.D.N.Y. 2020).

18. There is no doubt that the Debtor's U.S. creditors are afforded "sufficient protection." The Debtor's estate is governed by the Cayman Islands Companies Act (the "Companies Act"), which is applicable to all company insolvencies in the Cayman Islands. Accordingly, the assets of the Debtor and its segregated portfolios are subject to the Foreign Representatives' exclusive control for the purpose of their liquidations. Companies Act, Sec. 110. The Companies Act affords creditors the right to file a proof of debt regarding any claim they may have against the Debtor, Companies Act, Sec. 139, and the Plaintiffs in the Kentucky Action have filed proofs of debt in the Debtor's Cayman Liquidation. Further, the Companies Act does not distinguish or otherwise prejudice the claims of local creditors from the claims of foreign creditors, such as the Debtor's U.S. creditors. Companies Act, Secs. 139, 140, 141 & 142. Accordingly, the holders of claims against the Debtor's estate are treated fairly and U.S. claimants are neither prejudiced nor inconvenienced by processing their claims in the Cayman Liquidation.

19. Third, the distribution of the estate in a liquidation scenario under the Companies Act is similar to the scheme under the U.S. Bankruptcy Code. The Companies Act, provides priority of payment to "preferred" and secured creditors, then payment of non-secured and non-preferred creditors in a *pari passu* basis, and finally to equity interests. Companies Act, Sec. 140.

20. Importantly, the relief sought is necessary to effectuate the purposes of chapter 15 of promoting the fair and efficient administration of the Debtor's foreign estate located in the

Cayman Islands by centralizing the estate's assets and claims against the estate and distribution in the forum of the main foreign proceeding.

WHEREFORE, the Foreign Representatives request that the Court enter an order, substantially in the form of **Exhibit "A"**, granting this Motion and permit the Foreign Representatives to distribute the funds of Hudson SP and Performance 5 SP to the Cayman Islands.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all interested parties registered to receive notice via this Court's CM/ECF electronic notification system on October 31, 2022.

Dated: October 31, 2022

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email:  ggrossman@sequorlaw.com
             jmendoza@sequorlaw.com

By:   */s/ Gregory S. Grossman*
       Gregory S. Grossman
       Florida Bar No. 896667
       Juan J. Mendoza
       Florida Bar No.: 113587

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on October 31, 2022.

By:   */s/ Gregory S. Grossman*
       Gregory S. Grossman

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

PERFORMANCE INSURANCE COMPANY SPC          Chapter 15

   Debtor in a Foreign Proceeding.                              Case No.:  21-12609-AJC
_____/

**ORDER GRANTING MOTION TO AUTHORIZE DISTRIBUTION OF
ESTATE FUNDS HELD IN THE UNITED STATES TO THE CAYMAN ISLANDS**

THIS CAUSE came before the Court on _____ ___, 2022, (the "Hearing") upon the Motion to Authorize the Distribution of Estate Funds Held in the United States to the Cayman Islands (the "Motion") [DE ___] filed by Kenneth Krys and Neil Dempsey (the "Foreign Representatives"), the Official Joint Liquidators of Performance Insurance Company SPC (the

"SPC") and ten of its twelve segregated portfolios[1] (collectively, the "Debtor"). The Court has considered the Motion, the record, and is fully advised, and finds that the interests of the Debtor's U.S. creditors are sufficiently protected under the Debtor's Cayman Liquidation. Accordingly, it is

**ORDERED** that:

1. The Motion is GRANTED as set forth below.

2. The Foreign Representatives are authorized and entrusted with the distribution of the funds in the United States bank accounts of segregated portfolios Hudson York Insurance Company SP and Performance 5 SP, to such account in the Cayman Islands as specified by the Foreign Representatives.

###

Submitted by:
Gregory S. Grossman, Esq.
Juan J. Mendoza, Esq.
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
ggrossman@sequorlaw.com
jmendoza@sequorlaw.com
Telephone: (305) 372-8282

(Juan J. Mendoza is directed to serve a copy of this order upon all interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order)

---

[1] The Debtor's segregated portfolios are: (i) Bottini Insurance SP; (ii) Gen 1 Insurance Company SP; (iii) Goldenstar Holdings Company SP; (iv) Greystone Insurance SP; (v) Hudson York Insurance Company SP; (vi) Omega Insurance Company SP; (vii) Performance 5 SP; (viii) Prewett Insurance Company SP; (ix) Smart Insure SP; (x) SSS Insurance SP; (xi) Sustainable Insurance Company SP; and (xii) Triangle RGK SP. These twelve segregated portfolios are hereinafter referred to as the "Segregated Portfolios." The Foreign Representatives are the Official Joint Liquidators for all segregated portfolios but not for Bottini Insurance SP and SSS Insurance SP.